IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GABRIEL Q. FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-538-WHA-KFP |
| | ) | |
| JASON WATSON, JR. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Gabriel Frazier, an inmate at the Montgomery County Detention Facility (MCDF) files this *pro se* 42 U.S.C. § 1983 action against Colonel Prittchard, Captain James Dill, the Montgomery County Jail, Ladrrian Benneth, and James Watson, Jr. Frazier states that on November 4 or 7, 2018, while detained at MCDF, he was assaulted in his sleep by another inmate. He seeks an investigation into the challenged assault and damages. Upon review, the Court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

**I.    STANDARD OF REVIEW**

Because Frazier is proceeding in forma pauperis (Doc. 3), the Court reviews his Complaint under 28 U.S.C. § 1915(e)(2)(B).[1] Under § 1915(e)(2)(B), a court must dismiss a complaint proceeding in forma pauperis if it determines the action is frivolous, malicious,

---

[1] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure-to-state-a-claim analysis in *Neitzke v. Williams*, 490 U.S. 319 (1989) was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Id*. at 1348-49.

fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. A claim is frivolous when it "has little or no chance of success"; that is, it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. *Id* at 327. It is also frivolous as a matter of law when an affirmative defense, such as the statute of limitations, would defeat the claim. *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

Pro se pleadings are liberally construed and "held to a less stringent standard than pleadings drafted by attorneys." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A court does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). Finally, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

**II.   DISCUSSION**

In November of 2018, Defendant Watson, a former inmate at MCDF, attacked Frazier as he was sleeping. Frazier claims Defendant Ladrrian Benneth, a former MCDF correctional officer, orchestrated the event by providing Defendant Watson with money

and drugs so he would commit the assault. As a result of the incident, Frazier required treatment at a free-world hospital. Frazier claims the attack was a "staged contract for hire hit," and that Watson, who is now serving a sentence in the Alabama Department of Corrections, has been telling other inmates how he caught Frazier sleeping. Doc. 1 at 2–3. Frazier's Complaint is barred by the statute of limitations applicable claims brought under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [Plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (*en banc*). Therefore, in order to have his claim heard, [Plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The alleged assault occurred on November 4 or 7, 2018. By its express terms, the tolling provision of Alabama Code § 6-2-8(a) provides no basis for relief from application of the time bar.[2] Thus, the statute of limitations began to run, at the latest, on November 7, 2018, and it ran uninterrupted until it expired on November 7, 2020. Frazier filed this Complaint on August 7, 2021, ten months after the limitations period expired.[3]

---

[2] This section allows tolling of the limitations period for an individual who is insane at the time the right accrues. Alabama Code § 6-2-8(a). The Complaint demonstrates that Frazier was not legally insane at the time of the assault so as to warrant tolling.

[3] The Court considers August 7, 2021, to be the filing date of the Complaint. Although the Clerk stamped the Complaint "filed" on August 11, 2021, Plaintiff signed the attachment to his Complaint on August 7, 2021. Doc. 1-1 at 1. A pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988).

The statute of limitations is usually raised as an affirmative defense. When a plaintiff is proceeding in forma pauperis in a § 1983 case, a court may consider affirmative defenses apparent from the face of the complaint. Clark, 915 F.2d at 640 n.2. "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Id*. (noting that the expiration of the statute of limitations is an affirmative defense warranting dismissal as frivolous) (citing *Franklin v. State of Oregon*, 563 F. Supp. 1310, 1330-1332 (D.C. Oregon 1983)).

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Frazier claims it took him time to obtain information to support his Complaint because of a "lack of verbal[] output from others." Doc. 1-1 at 1. To the extent this assertion is an attempt to invoke equitable tolling of the limitation period, case law directs that a federal limitation period "may be equitably tolled" when a litigant demonstrates that (1) he

5

diligently pursued his rights and (2) extraordinary circumstance prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (holding the limitation period may be equitably tolled when a plaintiff "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence"). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002), *overruled in part as stated by Sykosky v. Crosby*, 187 F. App'x 953, 958 (11th Cir. 2006); *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (stating plaintiff bears burden of showing extraordinary circumstances exist and that equitable tolling is extraordinary remedy to be used sparingly).

The Court takes judicial notice of its own records, which reflect Frazier filed a prior civil action with this Court on March 21, 2019, in which he alleged "Officer Bennett" paid Jason Watson, Jr., to attack him.[4] *Frazier v. Bennett,* Civil No. 2:19-CV-203-WHA-GMB (M.D. Ala. 2019). Based on allegations in Frazier's previous suit, the Court finds he was aware of the factual basis for the claims in this Complaint and that he has failed to allege extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. The law is settled that an inmate's lack of legal knowledge, his failure to understand legal principles, or the inability to recognize potential claims for relief at an

---

[4] This Court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (holding pro se status and ignorance of law do not justify equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999) (holding ignorance of law and pro se status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.1999) (holding unfamiliarity with legal process during applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (holding ignorance of the law "is not a factor that can warrant equitable tolling"). Further, Frazier's assertion that he needed time to get full information to support his claim, particularly in light of the previous lawsuit with the same factual basis, fails to establish an impediment to timely filing. The Court cannot say that Frazier "acted with the conscience, good faith, and reasonable diligence necessary to call into action the powers of the court. This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1290 n.5 (quotation marks omitted). Consequently, Frazier is not entitled to equitable tolling of the limitation period, as he has shown neither extraordinary circumstances nor the necessary diligence.

For the above reasons and based on the facts apparent from the face of the Complaint, which reflect that Frazier filed this action over two years after the alleged assault, Frazier has no legal basis on which to proceed. This case is barred by the statute of

limitations and subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d 636; *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### III. CONCLUSION

Accordingly, the Magistrate Judge RECOMMENDS that Plaintiff's Complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

Further, it is ORDERED that by **September 13, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 30th day of August, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE